Wood, C. J.
The record in this- case shows the indictment of the plaintiff in error, at a previous term, and his trial and conviction in the Court of Common Pleas of Lake epunty, at the September term, 1846, for the crime of forgery, and that sentence followed on this conviction, to hard labor in the penitentiary for the term of four years.
The indictment originally contained seven counts. ■ The first, fourth and seventh were quashed by the Court of Common Pleas, and the plaintiff in error was convicted on the second, third, fifth and sixth.
In the second count it is averred, that on the 30th day of April, 1845, Barnum, the plaintiff in error, had in his possession an account against Pearly Ayer, charged on his book previous to March 1, 1841, across which, on that day, was Written an acquittance and discharge of the account, and all demands, in these words: “ This account is settled in full this date, £ and all demands, March 1st, 1841. D. Barnum, Pearly *718 ‘ Ayer;” and that, afterwards, on the 30th of April, IS45, the plaintiff .in error altered the date, by changing the figure 1 at the close, into a figure 4, so as to read 1844. Ayer then “ holding' and having an unsettled account against the plaintiff in error,, with the intent to defraud Ayer,” &c.
■ The. third count avers, that on the '3Oth day of April, 1845, the plaintiff in error forgéd an acquittance of a certain account 'which Pearly Ayer then had against the plaintiff in error, which last acquittance is as follows: “ This account is settled 1 in full, this date, and all demands, March 1, 1844. J>. f Barnum, Pearly Ayer;” with the intent to defraud Ayer.
The fifth count avers, that on the 1st day of March, 1844, Ayér had an account against the plaintiff in error, under the date óf June, 1843, and consisting of several items of hats and 3|- yards, of cloth, and that, the plaintiff in error, on the 30th day of April,’ 1845, forged a certain acquittance of said account, which is set forth in the same ivords as in the second and third counts, and with'the intent to defraud Ayer.
The sixth' count charges the forgery of an acquittance, by persons unknown to the jurors, and that the plaintiff uttered and published. it as true and genuine, knowing it to be false, with intent to defraud Ayer. This count, also, charges the uttering and publishing the said acquittance to have been on the 30th of April, 1845.
The first assignment for error is, in substance, the supposed insufficiency of all the above counts; The second and third assignments are the same, with the exception'that they refer to the several counts specifically, and aver their insufficiency.
A bill of exceptions was taken, during the trial, the material parts of which ■ are, that to maintain the issue on the part of the State, the prosecution offered in evidence a paper purporting to be an account of the witness, Pearly Ayer, against the plaintiff in error, in the words and figures following:
*719 ££ 1843, June. Daniel Barnum,
££ To Pearly Ayer, . Dr.
3 Hats, at' $3 50................... $10 50
2 do. , at 3 00...... 6 00
13 ’ do. at .2 50................... 32 50
2 do. at 2 00................... 4 00
3J'yds. cloth, at..................... 3 50
1 Hat for self, $3 50. $56 50
“ Marked A.”
The prosecution then called Ayer, who testified that he kept a book; that this account was not on it, but was made under the following circumstances: “ That in the month of June, £ 1843, the witness left with Barnum twenty-one hats to be £ disposed of, thus: The witness owed one Bell about $8, £ and the witness, in company with Bell, left the hats with £ Barnum to sell, or to keep enough on hand to pay Bell said ‘ debt; that Bell had a right to turn out on execution said hats £ if the debt was not paid, and the plaintiff in error to sell such ‘ as were not turned out on execution by Bell, and to account £ to Ayer for the proceeds of the sale, after deducting certain £ commissions, or return the hats. Bell turned out seventeen £ of them on execution, which were sold for $7, and plaintiff £ in error sold four. The witness paid Bell the other dollar, to ‘ balance his account; and that the plaintiff in error had not £ accounted to Bell, nor Ayer, for the four hats sold by him, ‘ though requested to do so.” The witness stated: “ A re- £ ceipt was drawn up by him, containing the agreement on £ which the hats were left, but not signed, and that the paper 1 offered in evidence was the only account ever made of the £ hats, except the receipt, which was previously made, but un- £ executed.” This receipt was given, by the counsel for the plaintiff in error, in evidence to the jury, to show the agreement on which the hats were left, and that the account offered in evidence was not in the original. The counsel for the plaintiff in error then objected to the admission of the account *720 marked A, on the ground: 1st. That it was not Ayer’s original account. 2d. That it was not on book. 3d. That it was not a subject matter of account, as the hats were left on commission. 4th. That the witness had no right to charge the hats in account, but only the moneys received on their sale, less the commission, and, therefore, had no such account as is charged in the indictment; but the objection was overruled, and exception taken. This ruling of the Court is assigned as the fourth ground of error, and it may as well be disposed of as we proceed.
The charge in the first count is, when stripped of the verbiage the law has thrown around it, that Barnum had an account against Ayer, in June, 1841, which was settled in full, on his books, and signed by both the parties, and purported to be in full of all demands, and that, on the 30th of April, 1845, the plaintiff in error fraudulently altered the figure 1 into a figure 4, so that it read, settled in fall of all demands, in June, 1844 — the said Ayer then holding the amount for hats and cloth, &c., against the plaintiff in error, which had accrued between 1841 .and 1844, and was, therefore, designed falsely, to be brought within the terms of the settlement, and to be cut off, or discharged, by it. These objections, doubtless, appeared formidable to the learned counsel, but we are not able to perceive their force! It was, in fact, of no importance whether Ayer had any book, on which there was an original entry of his claim against Barnum, or not. It might have existed in that form, or upon a separate scrap of paper, as a mere memorandum, or it might, have existed without either, by virtue of the delivery of the hats, their sale, and an express promise to pay, or an implied assumption to that effect. In either case it would have been a demand in favor of Ayer, and equally affected by the forgery, and competent evidence to sustain the count. In either aspect it would have been a claim — a demand — a right to call upon Barnum to account for the proceeds of the sale, and, in fact, an account in favor of Ayer, though not on book. Nor do we perceive that the instrument *721 which was drawn up as a receipt, but not signed, was any better evidence, on account of its being previously drawn up, than the account itself, for neither, per se, was prima facie proof of any indebtedness at all. The witness, then, testified the hats were Ms, when he delivered them to Barnum, in 1843; and divers other matters are stated by the witness not necessary to be noticed. - • •
The State then gave in evidence the ledger of the plaintiff in error, containing the account between him and Ayer, and across which was the writing, set up in the respective counts, claimed to be forged, and the prosecution insisted the same was proved.
■The counsel for the plaintiff in error then gave in evidence certain papers and records, which tended to prove the plaintiff was a certificated bankrupt, and that his- schedule bore date January 28th, 1843, with his certificate of bankruptcy. And the testimony being closed, the Court, among other things, charged the jury, that they must not take into consideration the proceedings in bankruptcy, as evidence tending to prove that Ayer had no valid claim against the plaintiff in error, but consider the same as withdrawn, and the plaintiff in error excepted to the opinion. In this charge of the Court we think error intervened. 7
To constitute forgery, there must be the fraudulent making or alteration of the instrument, with the intent to defraud some one. That intent must be laid, and the person on whom it was designed to operate, and the indictment must charge both truly; and the instrument must be such that it may have the tendency, precisely, which is averred. If A make a release of all claims of B against him, and no such claims exist, it is no forgery, for the want of some thing an which the intended fraud, as charged, may operate. By the bankrupt law, all the claims and demands of Ayer against Barnum vested in the assignee, and could not, by possibility, be affected by the supposed forgery on the 30th of April, 1845, which was after the *722 right of action was transferred from Ayer to his assignee. The altered settlement of June, A. D. 1844, was likewise several months after the transfer, and it. was not therefore possible that any prejudice could arise'to any right of Ayer, by. such change in the date of the settlement. The claim in the hands of the assignee was wholly unaffected by such alteration, in any imaginary state of circumstances.
It. Hitchcock, and Perkins Osborn, for Plaintiff in error.
H. Stanbery, (Attorney General,) for the State.
There are several other assignments of error, founded on the bill of exceptions, but they need not be noticed, as the opinion already expressed destroys entirely the foundation on which the prosecution is based, and no new trial can, therefore, be had on this indictment.
To the general legal sufficiency of the several counts, on which the conviction is founded, we see no substantial objection. Such is the unanimous opinion of the Court. In withdrawing from the jury, however, the evidence which tended to prove, on the part of the plaintiff in error, that no legal forgery was committed, in our opinion, the rights of the accused were invaded, and the judgment and proceedings of the Court of • Common Pleas must be reversed.